UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT RUDOLPH HANSON,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>RONALD BARNES, Warden,<br><br>　　　　Respondent. | NO. CV 13-53-CJC (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, records on file, and the Report and Recommendation of the magistrate judge.  Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected.  The Court accepts the findings and recommendation of the magistrate judge.

　　　　In 2009 a Santa Barbara County Superior Court jury convicted Petitioner of assault with a deadly weapon.  Petitioner also pled no contest to two counts of peeking.  Petitioner was sentenced to 36 years, 6 months to life in prison under California's Three Strikes law.  (Report at 2.)

　　　　On November 14, 2014, the magistrate judge recommended that the petition be denied on the merits and that Petitioner's motion to stay, filed one and

1 a half years after the petition, should be denied. The magistrate judge found that
2 Petitioner's new claim of ineffective assistance of counsel, which he wanted to
3 exhaust in state court, had no merit and that Petitioner had also not shown
4 diligence to justify a stay. (*Id.* at 13-15.)

5 On January 20, 2015, Petitioner filed objections in which he "renewed" his
6 request for a stay, but this time based on a petition to recall his sentence
7 pursuant to Proposition 47, which he filed in the Santa Barbara County Superior
8 Court on November 21 and attached to his objections. The magistrate judge
9 ordered Respondent to respond to Petitioner's new request for a stay. (Dkt. No.
10 49.) On March 5, 2015, Respondent filed an opposition to the request for a stay.

11 On March 26, 2015, Petitioner filed a "Letter of Compliance," to which he
12 attached a habeas petition that he submitted to the Santa Barbara County
13 Superior Court on March 22, 2015.[1]

14 On November 4, 2014, California voters enacted Proposition 47, which
15 became effective the following day. Proposition 47 created a new resentencing
16 statute, Cal. Penal Code § 1170.18, *See* 2014 Cal. Legis. Serv. Prop. 47
17 (WEST) & Credits & Historical and Statutory Notes of § 1170.18. The new
18 statute provides that a person who is "currently serving a sentence for a
19 conviction . . . of a felony" that would have been a misdemeanor had Proposition
20 47 "been in effect at the time of the offense may petition for a recall of sentence
21 before the trial court that entered the judgment of conviction." § 1170.18(a).
22 Petitioner was convicted of assault with a deadly weapon, which is a violation of
23 Cal. Penal Code § 245(a)(1), and is not one of the eligible felonies listed in §
24 1170.18(a). Moreover, to the extent Petitioner seeks relief under Proposition 36

---

[1] The attached habeas petition appears to be based on ineffective assistance of counsel and prosecutorial misconduct. (Letter of Compliance, Attached Habeas Petition, Dkt. No. 58 at 18-19 (page numbers in CM/ECF header).)

2

(the Three Strikes Reform Act), Petitioner is not entitled to a stay because he failed to diligently pursue his rights under that statute.

Petitioner's remaining objections, including new subclaims of ineffective assistance of counsel (*see* Objections at 6-7), are without merit.

IT IS ORDERED that the petition is denied, the request for a stay is denied, and the action is dismissed with prejudice. All pending motions are denied.

DATED: April 17, 2015

CORMAC J. CARNEY
United States District Judge

3